# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| EUNICE VALENZUELA, Individually, and as the Heir and Representative of the Estate of ARTURO A. VALENZUELA, Deceased, and as Next Friend for, G.A.V., a Minor, U.Y.V., a Minor, and A.S.V., a Minor, | § § § § § § § § | |
| Plaintiffs, | § § § § § | CIVIL ACTION NO. **7:19-CV-00004-DC** |
| V. | § § | |
| CROSSFIRE, LLC D/B/A CROSSFIRE OILFIELD SERVICES, INC. and MATTHEW TRISTAN SCOTT | § § § § | |
| Defendants. | § | JURY DEMANDED |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Eunice Valenzuela, Individually and as the Heir and Representative of the Estate of Arturo A. Valenzuela, Deceased, and as the Next Friend for G.A.V., a Minor, U.Y.V., a Minor, and A.S.V., a Minor, hereinafter called Plaintiffs, complaining of and about Crossfire, LLC d/b/a Crossfire Oilfield Services, Inc. and Matthew Tristan Scott, hereinafter called Defendants, and for cause of action show unto the Court the following:

### PARTIES AND SERVICE

1.      Plaintiff, Eunice Valenzuela, is an Individual whose address is 365 CR 4724, Troup, Texas 75789.  The last three numbers of Eunice Valenzuela's driver's license number are

484. The last three numbers of Eunice Valenzuela's social security number are 210. She brings suit on her own behalf, as well as the Next Friend for her minor children, who are G.A.V., U.Y.V., and A.S.V. She also brings suit as the heir and representative of the estate of her deceased husband, Arturo A. Valenzuela.

2.  Defendant Crossfire, LLC d/b/a Crossfire Oilfield Services, Inc., a Nonresident Limited Liability Company, may be served with process by serving the registered agent of said company, who is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Service of said Defendant as described above can be completed by any means authorized by law.

3.  Defendant Matthew Tristan Scott is an Individual who is a nonresident of Texas. This lawsuit arises out of an automobile crash in this state, and to which said Defendant is a party. He was the driver. Defendant is a nonresident of Texas and whose home is located at 289 Magnolia Dr., Raleigh, Mississippi 39153, may be served with process by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701, as Defendant's agent for service because Defendant was a party to a collision or accident while operating a motor vehicle in Texas. *See* Tex. Civ. Prac. & Rem. Code §§17.062(a), 17.063. Service on the Chairman of the Texas Transportation Commission as described above can be completed by any means authorized by law.

## JURISDICTION AND VENUE

4.  The Court has jurisdiction over this case based upon diversity of citizenship. The parties are citizens of different states and are completely diverse. Moreover, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

5.  Venue is proper in the Western District of Texas because a substantial part of the

Plaintiffs' First Amended Original Complaint
Page 2

events or omissions giving rise to the claim occurred in the Western District of Texas.

6. This court has jurisdiction over Defendant Crossfire, LLC d/b/a Crossfire Oilfield Services, Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Crossfire, LLC d/b/a Crossfire Oilfield Services, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant Crossfire, LLC d/b/a Crossfire Oilfield Services, Inc. to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

8. Furthermore, Plaintiffs would show that Defendant Crossfire, LLC d/b/a Crossfire Oilfield Services, Inc. engaged in activities constituting business in the state of Texas, in that said Defendant committed a tort in whole or in part in Texas.

9. This court has jurisdiction over Defendant Matthew Tristan Scott, because said Defendant purposefully availed himself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Matthew Tristan Scott will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

10. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant Matthew Tristan Scott to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

11. Furthermore, Plaintiffs would show that Defendant Matthew Tristan Scott engaged

in activities constituting business in the state of Texas, in that said Defendant committed a tort in whole or in part in Texas.

## FACTS

12.     On or about October 18, 2018, Defendant Matthew Tristan Scott was operating a Chevrolet Model 3500 pickup truck in Martin County, Texas, on Highway 176. He was driving westbound

13.     Defendant Scott was operating the vehicle while in the course and scope of his employment for Defendant Crossfire, LLC d/b/a Crossfire Oilfield Services, Inc. Defendant Scott was traveling with passenger Douglas Mack Hord, who was also in the course and scope of his employment for Defendant Crossfire.

14.     It was raining. Defendant Scott was traveling too fast for the conditions and was generally being unsafe. Defendant Scott's unsafe and reckless driving caused him to lose control of the truck he was operating. Defendant Scott crossed over the center of the highway and went into oncoming traffic.

15.     Plaintiff's husband is Arturo A. Valenzuela. He lived in East Texas with her and their children. Mr. Valenzuela had travelled to West Texas to make extra money for his family. He was working for Icenhower Oil and Gas, Inc. He was driving a Chevrolet Silverado for Icenhower. He was travelling eastbound on Highway 176 at the same time that Defendant Scott crossed over into his lane of traffic.

16.     Defendant Scott struck Mr. Valenzuela's truck head-on. The impact killed Mr. Valenzuela, as well as Defendant Scott's passenger, Douglas Mack Hord. Mr. Valenzuela was 35-years old at the time of his death.

## PLAINTIFFS' CLAIM OF
## NEGLIGENCE AGAINST MATTHEW TRISTAN SCOTT

17. Defendant Matthew Tristan Scott had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

18. Plaintiffs' injuries were proximately caused by Defendant Matthew Tristan Scott's negligent, careless and reckless disregard of said duty.

19. The negligent, careless and reckless disregard of duty of Defendant Matthew Tristan Scott consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendant Matthew Tristan Scott failed to keep a proper lookout that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant Matthew Tristan Scott was driving too fast in the rain;

   C. In that Defendant Matthew Tristan Scott operated his vehicle in Arturo A. Valenzuela's lane of traffic and failed to give Mr. Valenzuela at least one-half of the roadway;

   D. In that Defendant Matthew Tristan Scott was operating his motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances; and

   E. In that Defendant Matthew Tristan Scott failed to apply his brakes to his motor vehicle in a timely and prudent manner, or otherwise avoid the deadly crash.

## PLAINTIFFS' CLAIM OF RESPONDEAT SUPERIOR
## AGAINST CROSSFIRE, LLC D/B/A CROSSFIRE OILFIELD SERVICES, INC.

20. At the time of the occurrence of the act in question and immediately prior thereto, Matthew Tristan Scott was within the course and scope of employment for Defendant Crossfire, LLC d/b/a Crossfire Oilfield Services, Inc.

21. At the time of the occurrence of the act in question and immediately prior thereto,

Matthew Tristan Scott was engaged in the furtherance of Defendant Crossfire, LLC d/b/a Crossfire Oilfield Services, Inc.'s business.

22.     At the time of the occurrence of the act in question and immediately prior thereto, Matthew Tristan Scott was engaged in accomplishing a task for which Matthew Tristan Scott was employed.

23.     Plaintiffs invoke the doctrine of Respondeat Superior against Defendant Crossfire, LLC d/b/a Crossfire Oilfield Services, Inc.

### PLAINTIFFS' CLAIM OF NEGLIGENCE AGAINST CROSSFIRE, LLC D/B/A CROSSFIRE OILFIELD SERVICES, INC.

24.     Defendant Crossfire, LLC d/b/a Crossfire Oilfield Services, Inc. had a duty under Texas law to exercise reasonable care in the selection, training, supervision, and retention of its managers and employees, all of whom were charged with ensuring the public's safety when it comes to driving automobiles on Texas roadways. Plaintiffs will show that Defendant was negligent in the hiring, training, supervising, and/or retention of its managers and employees and that such negligence was a direct and proximate cause of Plaintiffs' injuries and damages in this case.

### WRONGFUL DEATH AND SURVIVAL CLAIMS

25.     Plaintiffs will show that upon Arturo A. Valenzuela's death, two separate and distinct causes of action arose, one existing for the benefit of his Estate (survival claim), which survives his death pursuant to Section 71.021 of the Texas Civil Practice and Remedies Code and the other cause-of-action existing for the benefit of his survivors (wrongful death claim) as provided by Section 71.004 of the Texas Civil Practice and Remedies Code. Mr. Valenzuela is survived by each Plaintiff named herein, and all Plaintiffs file suit against Defendants for the

wrongful death of Mr. Valenzuela.

26. At this time, there is no need to probate the Estate of Arturo A. Valenzuela. The Estate has no known debts, and distribution of the Estate property has been resolved, making an administration of the Estate unnecessary.

27. Plaintiffs, therefore, file suit against Defendants as the sole heirs of the Estate of Arturo A. Valenzuela for all claims which survive him, including the conscious terror and excruciating pain and suffering experienced by Mr. Valenzuela prior to his death. Before dying, decedent had a cause of action for negligence and gross negligence—all of which could have been brought against Defendants by decedent.

## DAMAGES

28. Plaintiffs sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

   a. Actual damages, including past and future pecuniary losses, past and future mental anguish, past and future loss of household services, loss of inheritance, and the loss of companionship and society;

   b. Ms. Valenzuela's loss of consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

   c. Ms. Valenzuela's loss of consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

   d. The Children's loss of parental consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

   e. The Children's loss of parental consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

   f. All damages that survive the death of Mr. Valenzuela including the conscious

terror, mental anguish, and excruciating pain and suffering experienced by Mr. Valenzuela prior to his death, as well as funeral expenses;

g. All reasonable and necessary costs incurred in pursuit of this suit; and

h. Pre and post judgment interest at the maximum rate allowed by law.

## GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

29. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others. Defendants are liable for gross negligence.

30. Based on the facts stated herein, Plaintiffs request exemplary damages be awarded to Plaintiffs.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for actual damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; exemplary damages; costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Plaintiffs attach a redacted Civil Case Sheet to this complaint.

## PLAINTIFFS HEREBY DEMAND TRIAL BY JURY

Respectfully submitted,

The Porter Law Firm, P.C.


By: /s/ *Gregory S. Porter*
 Gregory S. Porter
 Texas Bar No. 24002785
 Email: greg@gregporterlaw.com
 3311 Woods Blvd
 Tyler, TX 75707
 Tel. (903) 561-5144
 Fax. (903) 705-6253

 **ATTORNEY FOR THE PLAINTIFFS**